# EXHIBIT "A"

 **CT Corporation**

**Service of Process Transmittal**
03/02/2015
CT Log Number 526681510

**TO:** Carl Del Vecchio
JPMorgan Chase Bank, N.A.
4 Chase Metrotech
Brooklyn, NY 11245-0003

**RE:** **Process Served in California**

**FOR:** JPMorgan Chase Bank, National Association (Cross Ref Name) (Domestic State: N/A)
JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mitra Erami, individually and on behalf of other members of the general public similarly situated, Pltf. vs. JPMorgan Chase Bank, National Association, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter(s), Complaint |
| **COURT/AGENCY:** | Solano County Superior Court, CA
Case # FCS044963 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid wages - Failure to pay Overtime and Meal and Rest Breaks - Seeking Injunctive and Declaratory Relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/02/2015 postmarked on 02/26/2015 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Edward J. Wynne
Wynne Law Firm
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
415-461-6400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/05/2015, Expected Purge Date: 04/04/2015
Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# WYNNE LAW FIRM
## ɪ

100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904
tel (415) 461-6400   fax (415) 461-3900   toll free (877) 352-6400
www.wynnelawfirm.com

February 26, 2015

*Via Certified U.S. Mail*

Labor Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

CT Corporation System
818 West Seventh Street, 2nd Floor
Los Angeles, CA 90017

### Re: Erami v. JPMorgan Chase Bank, N.A.

To the Labor Workforce Development Agency and Agent for Service of Process:

The above-noted lawsuit was originally filed on February 25, 2015, in the Superior Court of Solano County. Plaintiffs are seeking to amend the complaint to include allegations based on California Labor Code §§ 2698-2699. A copy of the filed Complaint is enclosed for reference. Plaintiffs claim, among other items, that they and all members of the class were misclassified as exempt employees and not paid overtime compensation in violation of Labor Code §§ 510 and 1194, were not paid all of their wages at time of termination in violation of Labor Code §§ 201-203, and that Defendant did not maintain or provide accurate itemized statement in violation of Labor Code §§ 226 and 1174.

The purpose of this letter is to satisfy the Labor Code § 2699.3 by providing notice to the Labor Workforce Development Agency and the employer. We look forward to determining whether the Labor Workforce Development Agency intends to take any action in reference to these claims. We kindly ask that you respond to this notice according to the time frame contemplated by section 2699.3.

Very truly yours,

WYNNE LAW FIRM

Edward J. Wynne

EJW:hh
Encl.

**By Fax**

1   Edward J. Wynne   (SBN 165819)
    ewynne@wynnelawfirm.com
2   J.E.B. Pickett       (SBN 154294)
    Jebpickett@wynnelawfirm.com
3   WYNNE LAW FIRM
    100 Drakes Landing Road, Suite 275
4   Greenbrae, CA 94904
    Telephone (415) 461-6400
5   Facsimile  (415) 461-3900

6   Plaintiff's Counsel

7

8

**ENDORSED FILED**
Clerk of the Superior Court

FEB 25 2015

By _____     J. WOOD
        DEPUTY CLERK

9

10         SUPERIOR COURT OF CALIFORNIA

11               SOLANO COUNTY

| | |
|---|---|
| MITRA ERAMI, individually and on behalf of other members of the general public similarly situated, | Case No.: **FCS044963** |
| | COMPLAINT |
| Plaintiff, | [CLASS ACTION] |
| vs. | |
| JPMORGAN CHASE BANK, National Association and DOES 1 through 50, inclusive, | 1. Labor Code § 1194<br>2. B&P § 17200 - Overtime<br>3. B&P § 17200 – Meal and Rest Breaks<br>4. B&P 17200 – Injunction/Dec. Relief<br>5. Labor Code § 203<br>6. Labor Code § 226, 1174, 1174.5 |
| Defendant. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ASSIGNED TO**
JUDGE _Kinnicutt_
**FOR ALL PURPOSES**

1

COMPLAINT
[CLASS ACTION]

**GENERAL ALLEGATIONS**

1.      Plaintiff Mitra Erami was an Assistant Branch Manager for defendant JPMorgan Chase Bank, National Association ("Chase Bank") in the state of California within the last three years of the filing of the original complaint in this action.

2.      Defendant Chase Bank is a wholly owned subsidiary of JPMorgan Chase &Co. Defendant is a bank that owns and operates retail banks in this judicial district and in the state of California. Defendant has employees with the title "Assistant Branch Manager."

3.      Venue is proper in Solano County as at least some of the acts complained of herein occurred in Solano County as Defendant owns and operates banks in Solano County.

4.      At all times herein mentioned, Plaintiff and the class identified herein worked as employees for Defendant in salaried positions in Defendant's branch and retail locations under the business name "Chase." At all times herein mentioned, Plaintiff and the class have been, and continue to be, domiciled in the state of California. Plaintiff is informed and believes and thereon alleges that there are less than 100 members in the proposed class. The amount in controversy including damages, restitution, attorney fees, penalties, and value of injunctive relief sought does not exceed $5,000,000. The amount in controversy for the named plaintiff including damages, restitution, pro rata share of attorney fees, penalties, and pro rata value of injunctive relief sought does not exceed $75,000.

5.      At all times herein mentioned Defendant and Does 1 through 50 are and were corporations, business entities, individuals and partnerships, licensed to do business and actually doing business in the State of California, Solano County. Defendant owns and operates an industry, business and establishment in a number of separate geographic locations within the State of California, including within Solano County, for the purpose of selling banking services and products. As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California Labor Code §§ 1194 *et seq.*, California Business and Professions Code § 17200 *et seq.*, (Unfair Practices Act) and the applicable Industrial Welfare Commission Wage Orders.

6.      Plaintiff does not know the true names or capacities, whether individual, partner

or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

7.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

8.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

10.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of Defendant's branch locations in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

## FACTUAL ALLEGATIONS

11.     Pursuant to California Labor Code §§ 218, 218.6, and 1194, Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the California Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorney fees and costs.

COMPLAINT
[CLASS ACTION]

12.     Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried bank employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code § 1194 and California Industrial Welfare Commission Wage Order 4-2001. Defendant has failed to meet the requirements for establishing the exemption because all class members (a) regularly spent more than 50% of their time performing nonexempt work, (b) did not customarily and regularly exercise discretion and independent judgment on matters of significance, (c) did not have the authority to hire or fire or make meaningful recommendations regarding same, (d) did not customarily and regularly supervise at least two employees or the equivalent, (e) did not perform work directly related to the management policies or the general business operations of Defendant or Defendant's customers, (f) did perform nonexempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50% of their time away from the Defendant's places of business selling or obtaining orders or contracts, and (h) did not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiff and the class members were not exempt from the overtime requirements of California law for these reasons.

## CLASS ALLEGATIONS

13.     This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure § 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All current and former California based employees of JPMorgan Chase Bank, National Association, with the title "Assistant Branch Manager" who worked at any time from four years prior to the time this case is filed up to the time of trial.

14.     The members of the classes are so numerous that joinder of all members is impracticable. The exact number of the members of the classes can be determined by reviewing

---

4

1 | Defendant's records.

2 |      15.    Plaintiff will fairly and adequately protect the interests of the class and has
3 | retained counsel that is experienced and competent in class action and employment litigation.
4 | Plaintiff has no interests that are contrary to, or in conflict with, members of the class.

5 |      16.    A class action suit, such as the instant one, is superior to other available means
6 | for fair and efficient adjudication of this lawsuit. The damages suffered by individual members
7 | of the class may be relatively small when compared to the expense and burden of litigation,
8 | making it virtually impossible for members of the class to individually seek redress for the
9 | wrongs done to them.

10 |      17.    A class action is, therefore, superior to other available methods for the fair and
11 | efficient adjudication of the controversy. Absent these actions, the members of the class likely
12 | will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of
13 | California law.

14 |      18.    Even if any member of the class could afford individual litigation against
15 | Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation
16 | in one forum will promote judicial economy and parity among the claims of individual members
17 | of the class and provide for judicial consistency.

18 |      19.    There is a well-defined community of interest in the questions of law and fact
19 | affecting the Class as a whole. Questions of law and fact common to each of the class
20 | predominate over any questions affecting solely individual members of the action. Among the
21 | common questions of law and fact are:

22 |      a.    Whether the class has been properly classified as exempt by Defendant
23 | from overtime compensation;

24 |      b.    Whether the class is expected to regularly work hours in excess of forty
25 | per week and/or in excess of eight hours per day;

26 |      c.    How the class is compensated; and,

27 |      d.    Whether the class has sustained damages and, if so, what the proper
28 | measure of damages is.

1

**FIRST CAUSE OF ACTION**

2

**(Labor Code § 1194)**

3      20.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

4 Complaint as if fully set forth herein.

5      21.    California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state

6 that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay,

7 for all hours worked in excess of 40 per week and/or 8 per day.

8      22.    Class members regularly work more than 40 hours per week and/or 8 hours per

9 day but are not paid overtime.

10      23.    Class members do not meet any of the tests for exempt status under the

11 California Wage Orders and/or the California Labor Code.

12

**SECOND CAUSE OF ACTION**

13

**(Bus. & Prof. Code § 17203 – Overtime)**

14      24.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

15 Complaint as if fully set forth herein.

16      25.    Defendant has committed an act of unfair competition under California Business

17 & Professions Code § 17200 *et seq.* by not paying the required state law overtime pay to the

18 members of the class.

19      26.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring

20 Defendant to make restitution of all overtime wages due to the class.

21

**THIRD CAUSE OF ACTION**

22

**(Bus. & Prof. Code § 17203 – Meal and Rest Breaks)**

23      27.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

24 Complaint as if fully set forth herein.

25      28.    In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed

26 to provide and document meal and rest period breaks for the class in the number, length and

27 manner as required.  At no time has the Plaintiff or the class entered into any written agreement

28 with Defendant expressly or impliedly waiving their right to their meal and rest breaks.

---

6

1   Plaintiff and the class have been injured by Defendant's failure to comply with Labor Code §

2   512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code §

3   226.7.

4       29.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make

5   restitution of all wages due to the class under this Third Cause of Action.

6                                   **FOURTH CAUSE OF ACTION**

7               **(Bus. & Prof. Code § 17203 – Injunction and Declaratory Relief)**

8       30.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

9   Complaint as if fully set forth herein.

10      31.     Plaintiff, and all persons similarly situated, are further entitled to and do seek a

11  both a declaration that the above-described business practices are unfair, unlawful and/or

12  fraudulent and injunctive relief restraining Defendant from engaging in any of such business

13  practices in the future.  Such misconduct by Defendant, unless and until enjoined and restrained

14  by order of this Court, will cause great and irreparable injury to all members of the class in that

15  the Defendant will continue to violate California law, represented by labor statutes and IWC

16  Wage Orders, unless specifically ordered to comply with same.  This expectation of future

17  violations will require current and future employees to repeatedly and continuously seek legal

18  redress in order to gain compensation to which they are entitled under California law.  Plaintiff

19  has no other adequate remedy at law to insure future compliance with the California labor laws

20  and wage orders alleged to have been violated herein.

21                                   **FIFTH CAUSE OF ACTION**

22                                        **(Labor Code § 203)**

23      32.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

24  Complaint as if fully set forth herein.

25      33.     Plaintiff and the class were discharged by Defendant or voluntarily quit, and did

26  not have a written contract for employment.  The Defendant, in violation of California Labor

27  Code §§ 201 and 202 *et seq.* had a consistent and uniform policy, practice and procedure of

28  willfully failing to pay the earned and unpaid wages of all such former employees.  The

---

7

1 | Defendant has willfully failed to pay the earned and unpaid wages of such individuals,
2 | including, but not limited to, straight time, overtime, vacation time, meal and rest wages, and
3 | other wages earned and remaining uncompensated according to amendment or proof.  Plaintiff
4 | and the class did not secret or absent themselves from Defendant nor refuse to accept the earned
5 | and unpaid wages from Defendant.  Accordingly, Defendant is liable for waiting time penalties
6 | for the unpaid wages pursuant to California Labor Code § 203.

### SIXTH CAUSE OF ACTION

### (Labor Code §§ 226, 1174, and 1174.5)

9 | 34.    Plaintiff incorporates the allegations contained in the previous paragraphs of this
10 | Complaint as if fully set forth herein.

11 | 35.    Defendant, as a matter of corporate policy did not maintain or provide accurate
12 | itemized statements in violation of Labor Code §§ 226 and 1174.

13 | 36.    For instance, Defendant did not state or did not accurately state, *inter alia*, the
14 | total hours worked, hours worked daily, or the actual hourly rate of Plaintiff and other Assistant
15 | Branch Managers in their pay statements.  Defendant's failure to maintain accurate itemized
16 | statements was willful, knowing, intentional, and the result of Defendant's custom, habit,
17 | pattern and practice.  Defendant's failure to maintain accurate itemized statements was not the
18 | result of isolated, sporadic or unintentional behavior.  Due to Defendant's failure to comply
19 | with the requirements of Labor Code §§ 226 and 1174, Plaintiff and other Assistant Branch
20 | Managers were injured thereby.

21 | 37.    Such a pattern and practice as alleged herein is unlawful and creates an
22 | entitlement to recovery by Plaintiff and the class identified herein for all damages and penalties
23 | pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees
24 | and costs.

### PRAYER FOR RELIEF

26 | WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the class,
27 | prays for judgment as follows:

28 | 1.    For an order certifying the proposed class;

8

COMPLAINT
[CLASS ACTION]

1        2.      For damages, penalties, restitution, attorney fees and injunctive relief as the

2  amount in controversy not in excess of $5,000,000 for the class and not in excess of $75,000 for

3  the named plaintiff; and,

4        3.      For prejudgment interest.

5

6  Dated:  February 25, 2015               **WYNNE LAW FIRM**

7

8                                 By:

9                                Edward J. Wynne

10                             100 Drakes Landing Road, Suite 275

                                 Greenbrae, CA 94904

11                             Telephone: 415-461-6400

                                 Facsimile: 415-461-3900

12                             *Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
[CLASS ACTION]