# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITRA ERAMI,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK,<br><br>    Defendant. | Case No. 15-cv-02547-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: Docket No. 18 |

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, for the reasons stated on the record, the Court granted Defendant's motion to transfer *Erami v. JP Morgan Chase Bank*, 3:15-CV-02547-EMC, to the Central District of California. This order memorializes and supplements the oral ruling. Transfer would achieve the underlying purpose behind 28 U.S.C. § 1404(a) in preventing waste of judicial resources as well as protecting the parties and witnesses against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In balancing the factors used in determining transfers under § 1404(a), the convenience of the witnesses and benefits gained by consolidating the *Erami* action with the pending *Henry* action in the Central District, outweigh the weight given to Plaintiff Erami's choice of forum.

Typically a court gives great weight to a plaintiff's choice of forum, but in the class action context, the named plaintiff's choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, given Plaintiff's residence in the Northern District and the fact that the events relating to the Plaintiff's individual cause of action occurred in the Northern

District, Plaintiff's choice of forum is still given significant weight. *See id.*

The convenience of the witnesses, however, weighs in favor of transfer because the substantial majority of Assistant Branch Managers (ABMs) reside in the Central District. The ABMs are likely to provide relevant testimony regarding their individual duties, which may inform analysis of the claimed exempt status here.

Lastly and perhaps the most important factor in favor of transfer, are the benefits gained by consolidating the two cases in a single forum. The substantial overlap between the FLSA and California Labor Code (CLC) requirements for exempt status supports consolidation; this may render coordinated discovery and adjudication more efficient and prevent inconsistent results. Furthermore, both cases involve the same arbitration agreement which will affect a large number of the putative *Erami* class may be the subject of a motion to compel arbitration (already filed in *Henry*) and may also inform the scope of the class subject to certification. Transfer would therefore prevent the waste of judicial resources and possibility of inconsistent judgments. For the foregoing reasons, Defendant Chase's motion to transfer is hereby granted.

This order disposes of Docket No. 18.

**IT IS SO ORDERED**.

Dated: September 28, 2015

_____
EDWARD M. CHEN
United States District Judge