1  Edward J. Wynne      (SBN 165819)
   ewynne@wynnelawfirm.com
2  J.E.B. Pickett       (SBN 154294)
   Jebpickett@wynnelawfirm.com
3  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
4  Greenbrae, CA 94904
   Telephone (415) 461-6400
5  Facsimile  (415) 461-3900

6  Plaintiffs' Counsel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITRA ERAMI, MARIA MCGLYNN, BRITTANY SANCHEZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, National Association,<br><br>Defendant. | Case No.: 2:15-cv-07728-PSG-PLA<br><br>**SECOND AMENDED COMPLAINT**<br><br>**[CLASS ACTION]**<br><br>1. Labor Code §§ 510, 1194<br>2. B&P § 17200 - Overtime<br>3. B&P § 17200 – Meal and Rest Breaks<br>4. B&P 17200 – Injunction/Dec. Relief<br>5. Labor Code § 203<br>6. Labor Code § 226, 1174, 1174.5<br>7. Labor Code § 2699 et seq.<br><br>**JURY TRIAL DEMANDED** |

# GENERAL ALLEGATIONS

1. Plaintiff Mitra Erami was an Assistant Branch Manager for defendant JPMorgan Chase Bank, National Association ("Defendant") in Alameda County, California, within the last three years of the filing of the original complaint in this action.

2. Plaintiff Maria McGlynn was an Assistant Branch Manager for Defendant in San Diego County, California, within the last three years of the filing of the original complaint in this action and within a year from the filing of this Second Amended Complaint.

3. Plaintiff Brittany Sanchez was an Assistant Branch Manager for Defendant in Santa Barbara County and Ventura County, California, within the last three years of the filing of the original complaint in this action and within a year of the filing of this Second Amended Complaint.

4. Defendant Chase Bank is a wholly owned subsidiary of JPMorgan Chase &Co. Defendant is a bank that owns and operates retail banks in this judicial district and in the state of California. Defendant has employees with the title "Assistant Branch Manager."

5. Venue is proper in the Central District of California as at least some of the acts complained of herein occurred in the Central District of California as Defendant owns and operates banks in the Central District of California. Venue was established in this judicial district as a result of a motion to transfer due to a related case then pending in this judicial district.

6. At all times herein mentioned, Plaintiffs and the class identified herein worked as employees for Defendant in salaried positions in Defendant's branch and retail locations under the business name "Chase." At all times herein mentioned, Plaintiffs and the class have been, and continue to be, domiciled in the state of California.

7. At all times herein mentioned Defendant is a business entity licensed

to do business and actually doing business in the Central District of California. Defendant owns and operates an industry, business and establishment in a number of separate geographic locations within the State of California, including within the Central District of California, for the purpose of selling banking services and products.  As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California Labor Code §§ 1194 *et seq*., California Business and Professions Code § 17200 *et seq*., (Unfair Practices Act) and the applicable Industrial Welfare Commission Wage Orders.

8. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of other possible responsible parties and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Each of the other potentially responsible parties were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

## **FACTUAL ALLEGATIONS**

9. Pursuant to California Labor Code §§ 218, 218.6, and 1194, Plaintiffs may bring a civil action for overtime wages directly against the employer without first filing a claim with the California Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorney fees and costs.

10. Plaintiffs and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried bank employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code §§ 510, 1194 and California Industrial Welfare Commission Wage Order 4-2001.  Defendant has failed to meet the requirements for establishing the

exemption because all class members (a) regularly spent more than 50% of their time performing nonexempt work, (b) did not customarily and regularly exercise discretion and independent judgment on matters of significance, (c) did not have the authority to hire or fire or make meaningful recommendations regarding same, (d) did not customarily and regularly supervise at least two employees or the equivalent, (e) did not perform work directly related to the management policies or the general business operations of Defendant or Defendant's customers, (f) did perform nonexempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50% of their time away from the Defendant's places of business selling or obtaining orders or contracts, and (h) did not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiffs and the class members were not exempt from the overtime requirements of California law for these reasons.

## **CLASS ALLEGATIONS**

11. This complaint is brought by Plaintiffs pursuant to Federal Rule of Civil Procedure 23 and California Code of Civil Procedure § 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized under California law. The class is comprised of, and defined as:

> All current and former California based employees of JPMorgan Chase Bank, National Association, with the title "Assistant Branch Manager" who worked at any time from February 25, 2011 up to the time of trial.

12. The members of the classes are so numerous that joinder of all members is impracticable. The exact number of the members of the classes can be determined by reviewing Defendant's records.

13. Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel that is experienced and competent in class action and

employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the class.

14. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

15. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of California law.

16. Even if any member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

17. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. Questions of law and fact common to each of the class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether the class has been properly classified as exempt by Defendant from overtime compensation;

    b. Whether the class is expected to regularly work hours in excess of forty per week and/or in excess of eight hours per day;

    c. How the class is compensated; and,

    d. Whether the class has sustained damages and, if so, what the proper measure of damages is.

## FIRST CAUSE OF ACTION

**(Labor Code §§ 510, 1194)**

18. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

19. California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

20. Class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

21. Class members do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

22. Plaintiffs and the class seek their unpaid overtime wages including interest thereon and reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

**(Bus. & Prof. Code § 17203 – Overtime)**

23. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

24. Defendant has committed an act of unfair competition under California Business & Professions Code § 17200 *et seq.* by not paying the required state law overtime pay to the members of the class.

25. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring Defendant to make restitution of all overtime wages due to the class.

## THIRD CAUSE OF ACTION

**(Bus. & Prof. Code § 17203 – Meal and Rest Breaks)**

26. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

27. In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to provide and document meal and rest period breaks for the class in the number, length and manner as required. At no time have the Plaintiffs or the class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7 and IWC Wage Order 4-2001 §§ 11 and 12.

28. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request Defendant make restitution of all wages due to the class under this Third Cause of Action.

## FOURTH CAUSE OF ACTION

**(Bus. & Prof. Code § 17203 – Injunction and Declaratory Relief)**

29. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

30. Plaintiffs, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendant from engaging in any of such business practices in the future. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendant will continue to violate California law, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FIFTH CAUSE OF ACTION

### (Labor Code § 203)

31. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

32. Plaintiffs and the class were discharged by Defendant or voluntarily quit, and did not have a written contract for employment. The Defendant, in violation of California Labor Code §§ 201 and 202 *et seq.* had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The Defendant has willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, vacation time, meal and rest wages, and other wages earned and remaining uncompensated according to amendment or proof. Plaintiffs and the class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Defendant is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION

### (Labor Code §§ 226, 1174, and 1174.5)

33. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

34. Defendant, as a matter of corporate policy did not maintain or provide accurate itemized statements in violation of Labor Code §§ 226 and 1174.

35. For instance, Defendant did not state or did not accurately state, *inter alia*, the total hours worked, hours worked daily, or the actual hourly rate of Plaintiffs and other Assistant Branch Managers in their pay statements. Defendant's failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendant's custom, habit, pattern and practice. Defendant's failure to maintain accurate itemized statements was not the

result of isolated, sporadic or unintentional behavior. Due to Defendant's failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiffs and other Assistant Branch Managers were injured thereby.

36. Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiffs and the class identified herein for all damages and penalties pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

**(Labor Code § 2699 et seq.)**

37. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

38. As alleged above, Defendant failed to comply with the California Labor Code. As such, Plaintiffs are "aggrieved employees" as defined in Labor Code § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiffs bring this action on behalf of themselves and other current and former Assistant Branch Managers against JP Morgan Chase Bank, National Association and seeks recovery of applicable civil penalties as follows:

a. where civil penalties are specifically provided in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of such penalties;

b. where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of the penalties established in § 2699(e) of the Labor Code Private Attorneys General Act of 2004, and in accordance with § 200.5 of the Labor Code.

39. On February 26, 2015, Plaintiff Erami caused to be served written notice via certified mail to the Labor and Workforce Development Agency and to Defendant JP Morgan Chase Bank, National Association of Plaintiff's intent to amend the complaint to add a cause of action pursuant to Labor Code § 2699 *et*

*seq.* Included with the notice was the original complaint. Plaintiff did not receive a response from the LWDA of Plaintiff's certified letter within the time proscribed by Labor Code § 2699.3.

40. On February 1, 2016, Plaintiffs McGlynn and Sanchez caused to be served written notice via certified mail to the Labor and Workforce Development Agency and to Defendant JP Morgan Chase Bank, National Association of Plaintiffs' intent to amend the complaint to add additional named plaintiffs seeking relief pursuant to Labor Code § 2699 *et seq.* Included with the notice was the proposed Second Amended Complaint. Plaintiffs did not receive a response from the LWDA of Plaintiffs' certified letter within the time prescribed by Labor Code § 2699.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the class, pray for judgment as follows:

1. For an order certifying the proposed class;
2. For damages, penalties, restitution, attorney fees and injunctive relief; and,
3. For prejudgment interest.

Dated:  March 7, 2016               **WYNNE LAW FIRM**


By:     /s/Edward J. Wynne
        Edward J. Wynne
        100 Drakes Landing Road, Suite 275
        Greenbrae, CA 94904
        Telephone: 415-461-6400
        Facsimile: 415-461-3900
        *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  March 7, 2016          **WYNNE LAW FIRM**

By:       /s/Edward J. Wynne
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiffs*